UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23891-CV-SCOLA
MAGISTRATE JUDGE REID

JUAN FRANCISCO VEGA,

    Petitioner,

v.

REBECCA KAPUSTA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

### I. Introduction

This matter is before the Court on Petitioner's Motion for Leave to Appeal *in forma pauperis*. [ECF No. 23]. This Motion has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72, and S.D. Fla. Magis. R. 1(c). [ECF No. 24].

In the Motion, Petitioner seeks leave to appeal *in forma pauperis* the dismissal of his Petition for Writ of Habeas Corpus [ECF No. 1] challenging his ongoing involuntary civil commitment as a sexually violent predator under the Jimmy Ryce Act, § 394.910, Fla. Stat. [ECF No. 23]. The Undersigned notes that Petitioner is a civil detainee, not a prisoner, the Prison Litigation Reform Act's ("PLRA")

restrictions on actions brought by prisoners do not apply to Petitioner. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (citations omitted).

Upon review of the Motion [ECF No. 23] and the District Judge's Order denying Petitioner a Certificate of Appealability ("COA") [ECF No. 19], it appears that Petitioner fails to meet the qualifications required to proceed *in forma pauperis* on appeal. *See* 28 U.S.C. § 1915(a)(3). Thus, as further discussed below, it is **RECOMMENDED** that Petitioner's Motion [ECF No. 23] be **DENIED**.

## II.   Discussion

A court must deny *in forma pauperis* status on appeal if the court "certifies in writing that [the appeal] is not taken in good faith." 28 U.S.C. §1915(a)(3). "Good faith" under §1915(a)(3) is an objective standard; it does not require that the applicant show any degree of merit, beyond showing that the claims on appeal are not frivolous. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). In other words, the phrase "not taken in good faith" as used in §1915(a)(3) is "a synonym for frivolousness." *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000).

As a threshold matter, Fed. R. App. P. 24 provides that a party seeking to appeal in forma pauperis must file a motion with the district court that "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1)(C). Here, Petitioner has failed to do this, and thus, the Motion could be denied solely on this basis.

However, regardless of this technical defect, Petitioner has not shown a non-frivolous basis for appeal, thus, his appeal would not be taken in good faith as required by 28 U.S.C. §1915(a)(3). The District Judge has already determined in the Order denying Petitioner a COA that "Petitioner fails to show that jurists of reason would find the correctness of the underlying procedural ruling fairly debatable or wrong." [ECF No. 19]. Any contrary determination – that Petitioner's proposed appeal has a sufficient arguable basis in law or fact to merit *in forma pauperis* status on appeal – is impossible to square with the District Judge's earlier determination that his claims do not merit a COA. [*See id.*]; *see also Evans v. Davenport*, No. 11-00544-KD-B, 2012 WL 2505794, 2012 U.S. Dist. LEXIS 90704 (S.D. Ala. June 26, 2012) ("Because [petitioner] has not made the requisite showing for the issuance of a certificate of appealability, the undersigned finds that there are no non-frivolous issues to raise on appeal; thus, his Motion for Leave to Appeal [IFP] should be denied."), *Report and Recommendation adopted*, 2012 U.S. Dist. LEXIS 90708, 2012 WL 2505817 (S.D. Ala. June 29, 2012).

However, even liberally construing Petitioner's appeal as being arguable, it would still fail because he asks that the United States Court of Appeals for the Eleventh Circuit "decide what court was required to accept jurisdiction of [his] Petition." [ECF No. 17, p. 2]. This is improper and frivolous because he is not really seeking an appeal, but rather an advisory opinion as to which federal district court

he should bring his claims in. *See Miller v. FCC*, 66 F.3d 1140, 1145-46 (11th Cir. 1995) (holding that there is no "justiciable controversy" if a party is "asking for an advisory opinion."). Thus, even if reasonable jurists would find the correctness of the District Judge's procedural ruling dismissing the Petition as debatable, Petitioner's appeal would still be frivolous because it does not even challenge the Court's ruling.

### III.  Recommendation

Based on the above, it is **RECOMMENDED** that Petitioner's Motion for Leave to Appeal *in forma pauperis* [ECF No. 23] be **DENIED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 19th day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  **Juan Francisco Vega**
991353
Florida Civil Commitment Center (FCCC)
13619 SE Highway 70
Arcadia, FL 34266
*PRO SE*